UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAIME SMITH, as next friend of J.S. and K.S., minor children and next kin of GREGORY THOMAS SMITH,<br><br>        PLAINTIFF,<br><br>    vs.<br><br>LAKE COUNTY, LAKE COUNTY SHERIFF JOHN BUNCICH, and UNKNOWN OFFICERS,<br><br>        DEFENDANTS. | |

## COMPLAINT

NOW COMES the Plaintiff, JAIME SMITH (hereinafter "PLAINTIFF"), as mother and next friend of J.S. and K.S., minor children and next of kin of GREGORY THOMAS SMITH, by and through her attorney, Blake W. Horwitz, Esq., from The Blake Horwitz Law Firm, Ltd., pursuant to this Complaint at Law, against the above named Defendants LAKE COUNTY, LAKE COUNTY SHERIFF JOHN BUNCICH, and UNKNOWN OFFICERS, and states as follows:

### I. JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

1

## II. PARTIES

2. J.S. and K.S. are the minor children and next of kin of GREGORY THOMAS SMITH.  J.S. and K.S.'s mother, JAIME SMITH, brings this action on behalf of J.S. and K.S.

3. DEFENDANTS, UNKNOWN OFFICERS, were at all times material and relevant hereto employed by and acting on behalf of DEFENDANTS LAKE COUNTY SHERIFF JOHN BUNCICH and LAKE COUNTY.

4. DEFENDANT, LAKE COUNTY SHERIFF JOHN BUNCICH, was at all times material and relevant hereto an officer of DEFENDANT LAKE COUNTY, and the supervisor of Lake County Jail.

5. DEFENDANT LAKE COUNTY SHERIFF JOHN BUNCICH is a duly constituted local public entity, and is liable for any judgment entered against the DEFENDANT UNKNOWN OFFICERS arising out of their employment.

6. DEFENDANT, LAKE COUNTY, is a duly incorporated municipal corporation. At all times material to this Complaint, the DEFENDANT UNKNOWN OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of DEFENDANT LAKE COUNTY.

## III. FACTS

7. GREGORY THOMAS SMITH was a resident of Hobart, Indiana.

8. On or about March 25, 2015, GREGORY THOMAS SMITH was arrested in Hobart, Indiana, by officers of the Hobart Police Department.

9. On or about March 25, 2015, GREGORY THOMAS SMITH was transferred into the custody of the Crown Point Police Department.

10. On or about March 25, 2015, GREGORY THOMAS SMITH was taken to the Lake County Jail, located at 2293 North Main Street, Crown Point, Indiana 46307.

11. While being held at Lake County Jail, DEFENDANT UNKNOWN OFFICERS used a taser on GREGORY THOMAS SMITH.

12. The DEFEN DANT UNKNOWN OFFICERS' use of the taser on GREGORY THOMAS SMITH was unnecessary.

13. The DEFENDANT UNKNOWN OFFICERS used the taser to unnecessarily modify GREGORY THOMAS SMITH'S behavior when he was having an episode of emotional instability, and not being aggressive towards the officers.

14. DEFENDANT UNKNOWN OFFICERS' tasering of GREGORY THOMAS SMITH proximately caused GREGORY THOMAS SMITH to go into cardiac arrest.

15. As a result of being tasered by the DEFENDANT UNKNOWN OFFICERS, GREGORY THOMAS SMITH died.

16. As a direct and proximate result of the aforementioned acts of the DEFENDANT UNKNOWN OFFICERS, GREGORY THOMAS SMITH went into cardiac arrest and died.

17. On or about March 25 and March 26, 2015, the DEFENDANT UNKNOWN OFFICERS were on duty at all times relevant to this Complaint, and were deputized police officers of DEFENDANTS LAKE COUNTY SHERIFF JOHN BUNCICH and LAKE COUNTY.

18. The DEFENDANT UNKNOWN OFFICERS engaged in the conduct complained of on said dates, in the course and scope of their employment by DEFENDANTS LAKE COUNTY SHERIFF JOHN BUNCICH and LAKE COUNTY, and while on duty.

## COUNT I
### §1983 Excessive Force
**(DEFENDANT UNKNOWN OFFICERS)**

19. PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 18.

20. The DEFENDANT UNKNOWN OFFICERS' actions in using unreasonable force unto GREGORY THOMAS SMITH amounted to an excessive use of force and violated the Fourth Amendment to the United States Constitution.

21. The aforementioned actions of the DEFENDANT UNKNOWN OFFICERS were the direct and proximate cause of the constitutional violations set forth above, and the PLAINTIFF suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against the DEFENDANT UNKNOWN OFFICERS, and such other additional relief as this Court deems equitable and just.

## COUNT II
### State Law Battery Claim
**(DEFENDANT UNKNOWN OFFICERS)**

22. PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 18.

23. The DEFENDANT UNKNOWN OFFICERS tasered GREGORY THOMAS SMITH, intentionally, without consent and without justification.

24. The conduct of the DEFENDANT UNKNOWN OFFICERS was in violation of the laws of the State of Indiana.

25. The aforementioned actions of the DEFENDANT UNKNOWN OFFICERS were the direct and proximate cause of the injuries set forth above.

WHEREFORE, the PLAINTIFF demands judgment against the DEFENDANT UNKNOWN OFFICERS, and such other additional relief as this Court deems equitable and just.

## COUNT III
### Wrongful Death under I.C. 34-23-1-1
**(DEFENDANT UNKNOWN OFFICERS)**

26. PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 25.

27. The DEFENDANT UNKNOWN OFFICERS, through their wrongful acts or omissions, caused the death of GREGORY THOMAS SMITH.

28. The wrongful acts or omissions of the DEFENDANT UNKNOWN OFFICERS that caused the death of GREGORY THOMAS SMITH violated Title 34, Article 23, Chapter 1, Section 1 of the Indiana Code.

WHEREFORE, the PLAINTIFF demands judgment against the DEFENDANT UNKNOWN OFFICERS, and such other additional relief as this Court deems equitable and just.

## COUNT IV
### Supplemental *Respondeat Superior* Claim
**(DEFENDANT LAKE COUNTY SHERIFF JOHN BUNCICH)**

29. PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 18 and 22 through 28.

30. The aforesaid actions of the DEFENDANT UNKNOWN OFFICERS were committed in the scope of their employment as police officers and, therefore, DEFENDANT LAKE COUNTY SHERIFF JOHN BUNCICH, as principal, is liable for

5

the actions of its agents under the doctrine of *respondeat superior* for all state law claims herein.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT LAKE COUNTY SHERIFF JOHN BUNCICH, and such other additional relief as this Court deems equitable and just.

**COUNT V**
**Indemnification Claim**
**(DEFENDANT LAKE COUNTY SHERIFF JOHN BUNCICH)**

31.     PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 28.

32.     DEFENDANT LAKE COUNTY SHERIFF JOHN BUNCICH is the employer of the DEFENDANT UNKNOWN OFFICERS alleged above.

33.     The DEFENDANT UNKNOWN OFFICERS, as alleged above, committed the acts under color of law and in scope of employment of DEFENDANT LAKE COUNTY SHERIFF JOHN BUNCICH.

WHEREFORE, should the DEFENDANT UNKNOWN OFFICERS be found liable for any of the alleged counts in this case, the PLAINTIFF demands that, pursuant to Indiana law, DEFENDANT LAKE COUNTY SHERIFF JOHN BUNCICH pay the PLAINTIFF any judgment obtained against the DEFENDANT UNKNOWN OFFICERS as a result of this Complaint.

**COUNT VI**
**Indemnification Claim**
**(DEFENDANT LAKE COUNTY)**

34.     PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 28.

35.     DEFENDANT LAKE COUNTY is the employer of the DEFENDANT UNKNOWN OFFICERS alleged above.

36.     The DEFENDANT UNKNOWN OFFICERS, as alleged above, committed the acts under color of law and in scope of employment of DEFENDANT LAKE COUNTY.

WHEREFORE, should the DEFENDANT UNKNOWN OFFICERS be found liable for any of the alleged counts in this case, the PLAINTIFF demands that, pursuant to Indiana law, DEFENDANT LAKE COUNTY pay the PLAINTIFF any judgment obtained against the DEFENDANT UNKNOWN OFFICERS as a result of this Complaint.

## JURY DEMAND

The PLAINTIFF demands trial by jury.


Respectfully submitted,

                                    THE BLAKE HORWITZ LAW FIRM
                                    Attorney for Plaintiff

By:     _____S/ Blake W. Horwitz_____
                                    Blake W. Horwitz
                                    The Blake Horwitz Law Firm
                                    111 W. Washington St., Suite 1611
                                    Chicago, Illinois 60602
                                    (312) 676-2100
                                    bhorwitz@bhlfattorneys.com