**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

JAMIE SMITH as next friend of          )
J.S. and K.S., minor children and next  )
of kin of GREGORY THOMAS SMITH,        )
      Plaintiff,                          )
                                          )
      v.                                  )      CAUSE NO. 2:15-CV-123-WCL-JEM
                                          )
LAKE COUNTY, *et al.*,                   )
      Defendants,                         )

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Defendant Lake County

Sheriff John Buncich to Answer Plaintiffs' Supplemental Interrogatories Number Four [DE 89],

filed by Plaintiff on January 17, 2017. On January 31, 2017, Defendant John Buncich filed a

response, and on February 8, 2017, Plaintiff filed a reply.

**I.**    **Background**

Plaintiff's Amended Complaint alleges that, Hobart Police officers arrested Gregory Thomas

Smith on March 25, 2015, and Mr. Smith was eventually taken to the Lake County Jail. Plaintiff

alleges that Mr. Smith became emotionally distraught and suffered a mental episode while being

held at the jail. Lake County Corrections officers unnecessarily used a Taser on Mr. Smith, Plaintiff

pleads, causing him to go into cardiac arrest and eventually die. On March 31, 2015, Plaintiff filed

her Amended Complaint on behalf of Mr. Smith's minor children, J.S. and K.S., alleging excessive

force, battery, and wrongful death claims against Lake County, Sheriff John Buncich, various Lake

County Corrections officers, the Town of Merrillville, and a Merillville Police officer.

Because of several motions filed after Plaintiff filed her Amended Complaint, the parties

have not yet had a Rule 26(f) conference and the Court has not yet set any discovery deadlines. On

February 13, 2017, Judge William C. Lee granted in part and denied in part several motions to dismiss filed by Defendants. Judge Lee declined to dismiss Plaintiff's claims against Defendant Buncich in his official capacity.

Despite the lack of a Rule 16 Conference and without any pending discovery deadlines, it appears the parties have been exchanging discovery related to this case. On March 26, 2016, Plaintiff sent Defendant Buncich a series of interrogatories. In one interrogatory, Plaintiff asked Defendant Buncich to identify an officer in a screenshot of security footage inside the jail the day Mr. Smith died. Defendant Buncich responded that the officer was "[p]ossibly Officer Ridgeway from Merillville PD." Plaintiff requested that Defendant Buncich conduct a more thorough investigation to determine whether the officer in the picture was, in fact, Officer Ridgeway. Defendant Buncich declined to do so, so Plaintiff filed this Motion to Compel.

## II.    Analysis

Although Plaintiff argues that Defendant Buncich has failed to respond to an interrogatory request, Defendant Buncich is not required to respond at this time. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); *see also Sasso v. Warsaw Orthopedic, Inc.*, 2014 U.S. Dist. LEXIS 16010, at *3 (N.D. Ind. Feb. 6, 2014). Defendant Buncich's counsel represents that the parties have not yet conferred under Rule 26(f). Accordingly, Plaintiff cannot ask the Court to compel Defendant Buncich to respond under Federal Rule of Civil Procedure 37(a)(3)(B)(iii), which governs the Court's authority to order a party to respond to an appropriate interrogatory request.

Plaintiff's counsel represents that the relevant statute of limitation will expire on March 25,

2017, potentially barring some of Plaintiff's claims. Plaintiff is concerned that other police officers not yet named may be appropriate defendants in this case. Accordingly, before the statute of limitations expires, Plaintiff wishes to identify unknown police officers present when Mr. Smith died, including the one in the at-issue photo. Once she has the identity of those officers, Plaintiff says, she will amend her Amended Complaint to include them as defendants in this case.

Under the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relevant access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Defendant Buncich has not provided any reason why he cannot or should not identify the officer in the picture. Plaintiff's counsel represents that Defendant Buncich may have access to records revealing which officers were in the jail at the time Mr. Smith died, including visitor sign-in sheets. Plaintiff has a significant need to identify those individuals before the statute of limitations expires, and Plaintiff does not have a reasonable means of discovering it absent Defendant Buncich's assistance. Accordingly, the Court orders that Defendant Buncich identify the individual in photograph. *See* Fed. R. Civ. P. 26(b)(1); *see also Patterson v. Avery Dennison, Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) ("District courts have broad discretion in matters relating to discovery.") (citations omitted).

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Compel Defendant Lake County Sheriff John Buncich to Answer Plaintiffs' Supplemental Interrogatories Number Four [DE

3

89]. The Court **ORDERS** Defendant Buncich to verify the identity of the individual marked as number 4 in the photograph bate stamped P00047 and to disclose that person's identity to Plaintiff on or before **February 24, 2017**.

The Court **ORDERS** Defendant Buncich to conduct a reasonable investigation – including review of any Lake County Jail visitor sign-in sheets identifying any visitors to the jail around the time of Mr. Smith's arrival at the jail – to identify the officer. If Defendant Buncich is unable to determine the identity of the officer in the picture by February 24, he must **file** with the Court a document detailing his efforts to obtain the identity of the officer and the reasons why he cannot identify the individual.

SO ORDERED this 13th day of February, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record